IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO** |
| vs. | ) | **DISMISS** |
| | ) | |
| Jerome Wesseh Koon, Jr., | ) | Case No. 3:21-cr-183(1) |
| | ) | |
| Defendant. | ) | |

Defendant Jerome Wesseh Koon, Jr. moves to dismiss on speedy trial. Doc. 96. The United States opposes the motion. Doc. 102. Koon replied. Doc. 106. An evidentiary hearing was held January 22, 2024. Doc. 119. Both parties filed supplemental briefing after the hearing. Doc. 131; Doc. 133. For the reasons below, the motion is denied.

I.   **BACKGROUND**

Koon was indicted in an alleged drug conspiracy with two alleged co-conspirators on September 15, 2021. Doc. 1. At the time of indictment, Koon was also facing a North Dakota attempted murder charge, related to a shooting involving his alleged federal co-conspirators. His North Dakota case went to trial, and Koon was acquitted of the attempted murder charge, but found guilty of reckless endangerment, tampering with physical evidence, unlawful possession of a firearm, and terrorizing. In January 2022, he was sentenced to two years in prison on his state case.

With his state case resolved, his federal case began, with the Drug Enforcement Agency ("DEA") requesting a detainer on Koon on January 25, 2022. Doc. 119-6. On the detainer form, Koon checked the box on the detainer form requesting a speedy trial within 180 days under the Interstate Agreement on Detainers Act ("IADA"). Id. There is no evidence in the record, however, that the detainer (which included the IADA speedy trial demand) was delivered to the DEA, the

United States Attorney's Office, or this Court, even though the detainer form instructs that the form be delivered to the United States Attorney's Office and the district court. Indeed, the Court first saw the detainer at the evidentiary hearing on January 22, 2024.

Koon was arraigned on February 16, 2022. Doc. 18. A trial date was not set at his arraignment because his two co-defendants had not yet been arrested. A day after his arraignment, the United States and Koon entered into an Interstate Agreement on Detainers Anti-Shuttling Waiver and Stipulation (Doc. 26), so Koon could continue to remain in state custody while proceeding with his federal case. Several months later, in July 2022, Koon filed a pro se motion to dismiss on speedy trial (Doc. 39), but the motion was denied (Doc. 40) because Koon was represented by counsel.

Eventually, the final co-defendant was arrested and was arraigned on February 14, 2023. Doc. 70. That same day, trial was set for April 11, 2023. Doc. 71. But on March 6, 2023, a co-defendant moved to continue the trial. Doc. 82. Koon did not object. The motion was granted on March 15, 2023, and trial was reset to September 12, 2023, with all time from the date of the order to the new trial date excluded from the speedy trial calculation. Doc. 84. As the September trial date approached, the same co-defendant moved to continue trial. Doc. 89. And again, Koon did not object. The motion was granted, and the trial reset to January 23, 2024, with all time from the date of the order to the new trial date excluded from the speedy trial calculation. Doc. 90. Koon now moves to dismiss, alleging a violation of his speedy trial rights. Doc. 96.

## II.     LAW AND ANALYSIS

Although related, constitutional challenges under the Sixth Amendment speedy trial right and statutory challenges under the Speedy Trial Act are reviewed separately. United States v. Sprouts, 282 F.3d 1037, 1041 (8th Cir. 2000).

A.     **Speedy Trial Act**

The Speedy Trial Act requires trial to commence within 70 days after a defendant is charged or makes an initial appearance, whichever occurs last. 18 U.S.C. § 3161(c)(1); see also Zedner v. United States, 547 U.S. 489, 497 (2006). That said, certain circumstances toll the speedy trial clock. See 18 U.S.C. § 3161(h). For example, a pending pretrial motion tolls the clock. 18 U.S.C. § 3161(h)(1)(D). So too if the Court finds the ends of justice served by granting a continuance outweigh the interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(a). "Exclusions of time attributable to one defendant apply to all codefendants." United States v. Mallett, 751 F.3d 907, 911 (8th Cir. 2014) (cleaned up).

In multi-defendant cases like this, the timing of the protections of the Speedy Trial Act reset when a co-defendant is indicted or makes their first appearance (whichever occurs later). See e.g., United States v. Boyd, 2023 WL 6603276, at *3 (D.S.D. Oct. 10, 2023). The Eighth Circuit has explained:

> Pursuant to § 3161(h)(7), when a newly indicted . . . defendant is joined with a defendant whose speedy trial clock has already started running, the latter defendant's speedy trial clock will be reset so that it reflects the speedy trial clock of the newly added codefendant. Thereafter, all of the defendants are subject to one controlling speedy trial clock and any time periods excluded from the speedy trial calculations for one defendant will be applicable to the other defendants.

United States v. Lightfoot, 483 F.3d 876, 885-86 (8th Cir. 2007). Here, the last defendant made his first appearance February 14, 2023. Doc. 70. Koon's Speedy Trial Act "clock" began to run then. Trial continuances were granted on March 15, 2023 (Doc. 84), and September 5, 2023 (Doc. 90). In each order, all time elapsing from the date of the order until the new trial date was excluded from any Speedy Trial Act calculation in the interest of justice under 18 U.S.C. § 3161(h)(7)(A) and 18 U.S.C. §§ 3161(h)(7)(B)(i) and (iv). So, at a minimum, only the time from February 14, 2023, through March 15, 2023 (or 29 days) has elapsed under the Speedy Trial Act. Because fewer

3

than 70 nonexcludable days have passed, Koon's motion fails to the extent he seeks dismissal under the Speedy Trial Act.

Koon also argues that the Court's orders granting the continuances did not explicitly detail why the ends of justice were served by granting the continuance. As an initial matter, Koon did not object to either motion to continue trial, and generally it is not necessary for a Court to explain its reasoning in granting a continuance unless a defendant objects. Zedner v. United States, 547 U.S. 489, 507 (2006); United States v. Adejumo, 772 F.3d 513, 522 (8th Cir. 2014) ("[W]e have previously held that the district court is not required to make a contemporaneous record of its ends-of-justice findings."). Given the lack of objection, the Court granted both motions to continue as essentially unopposed motions. Beyond that though, the ends of justice were served by granting both continuances. The co-defendant sought continuances to obtain discovery and review discovery and to prepare for trial. These reasons outweighed the interests of the public and any interest of Koon in a speedy trial, particularly when he did not object to either continuance. To the extent Koon seeks dismissal because the orders granting the continuances were allegedly deficient, the motion is denied.

**B.    Sixth Amendment**

In contrast to the Speedy Trial Act, the Sixth Amendment speedy trial right "attaches at the time the of arrest or indictment, whichever comes first, and continues until the trial commences." United States v. Williams, 557 F.3d 943, 948 (8th Cir. 2009) (citations omitted). A constitutional speedy trial challenge requires a court to "engage in a difficult and sensitive balancing process." Barker v. Wingo, 407 U.S. 514, 533 (1972). Four factors control: (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. Id. at 530. No one factor is "a necessary or sufficient condition" to establish a violation. Id. at 533. The

Eighth Circuit Court of Appeals has repeatedly commented, "It would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not." United States v. Titlbach, 339 F.3d 692, 699 (8th Cir. 2003) (citing Sprouts, 282 F.3d at 1042).

In application, the initial length of delay factor is twofold. First, the length of delay must be presumptively prejudicial before consideration of the four Barker factors is warranted at all. United States v. Summage, 575 F.3d 864, 875 (8th Cir. 2009). Koon was indicted in September 2021, well-over two years ago. That is enough to establish presumptive prejudice. See Doggett v. United States, 505 U.S. 647, 652 n.1 (1992) (citations omitted) (noting that "the lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year"); United States v. Sims, 847 F.3d 630, 635 (8th Cir. 2017) (concluding that approximately 22-month delay was presumptively prejudicial). Second, the length of delay weighs on the Barker analysis in the main. See Mallett, 751 F.3d at 914. In excess of two years is certainly a significant delay between indictment and trial. Even so, that duration is not extraordinary, particularly considering that the Eighth Circuit has deemed much longer delays reasonable. See, e.g., Summage, 575 F.3d at 876 (32-month delay); United States v. Aldaco, 477 F.3d 1008, 1019-20 (8th Cir. 2007) (40-month delay). On balance, the first factor weighs in Koon's favor but not heavily. The third factor also weighs in Koon's favor, as he has asserted his speedy trial rights.

The balance of the remaining factors, however, weigh against Koon. As to the reason for the delay, there is no indication that the United States negligently or intentionally delayed prosecution. See Barker, 407 U.S. at 531. Instead, most of the delay is related to waiting for his co-defendants to appear in the case. United States v. Kehoe, 310 F.3d 579, 590 (8th Cir. 2002) ("It will be the rare case, if ever, where a district court should sever the trial of alleged coconspirators."). Also weighing against Koon is his acquiesence to two trial continuances.

5

For the last factor, "the degree of prejudice required, if any, depends on the defendant's showing under the preceding Barker factors." Sims, 847 F.3d at 636 (citing United States v. Erenas-Luna, 560 F.3d 772, 780 (8th Cir. 2009)). Because the United States has been reasonably diligent in pursuing this matter, Koon must establish actual prejudice. United States v. Rodriguez-Valencia, 753 F.3d 801, 808 (8th Cir. 2014). Courts look to the three primary interests of the speedy trial right when examining prejudice: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." Barker, 407 U.S. at 532.

Recall that Koon spent the majority of the time at issue in North Dakota state custody for his state convictions. It is difficult to find that the delay caused any oppressive pretrial incarceration because Koon was incarcerated either way. Also, there was no evidence offered to show that Koon was unable to prepare for trial. He cannot show prejudice as a result. After careful consideration of the Barker factors, there has been no violation of Koon's Sixth Amendment right to a speedy trial.

### C.     Interstate Agreement on Detainers Act

Finally, Article III(a) of the IADA allows a prisoner to demand a speedy trial within 180 days. See 18 U.S.C. § 2, art. III(a). "[T]he 180-day time period in Article III(a) of the IAD[A] does not commence until the prisoner's request for final disposition of the charges against him has actually been delivered to the court and prosecuting officer of the jurisdiction that lodged the detainer against him." Fex v. Michigan, 507 U.S. 43, 52 (1993). The Eighth Circuit Court of Appeals has also held that the 180-day time period does not commence until the prosecutor and district court receive notice. United States v. Daily, 488 F.3d 796, 801 (8th Cir. 2007); United States v. Dooley, 580 F.3d 682, 685 (8th Cir. 2009). "Thus, even where a prisoner has made a

good-faith effort to invoke his rights under the IADA, he is not entitled to relief unless adequate notice was actually received." Dooley, 580 F.3d at 685 (citing Fex, 507 U.S. at 49-50).

On this particular issue, the series of events that followed after Koon signed the detainer are highly unfortunate and disappointing but do not support dismissal. Koon made a good faith effort to invoke his speedy trial right under the IADA. But, as the record reflects, the United States Attorney's Office and this Court never received the detainer and the IADA speedy trial demand until the evidentiary hearing on January 22, 2024 (Doc. 119). Given that, under existing precedent, there has been no speedy trial violation because it was never received. See Daily, 488 F.3d at 801 (finding no speedy trial violation under the IADA when the state failed to forward the demand to the United States Attorney and the district court).

### III. CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, Koon's motion to dismiss (Doc. 96) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 5th day of March, 2024.

                                       */s/ Peter D. Welte*
                                       Peter D. Welte, Chief Judge
                                       United States District Court