IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **ORDER GRANTING MOTION** |
| vs. ) | **FOR RECONSIDERATION** |
| ) | |
| Jerome Wesseh Koon, Jr., ) | Case No. 3:21-cr-183 |
| ) | |
| Defendant. ) | |

Defendant Jerome Wesseh Koon, Jr. moves for reconsideration of an order denying his motion to dismiss. Doc. 148. The United States opposes the motion. Doc. 150. For the reasons below, the motion is granted, and the indictment is dismissed without prejudice.

I.     **BACKGROUND**

Koon was federally indicted in an alleged multi-defendant drug conspiracy on September 15, 2021. Doc. 1. At the time of his federal indictment, he was also facing an attempted murder charge in North Dakota state court. Koon was advised of the federal indictment, and the United States chose to wait to pursue the federal charges until Koon's state charges were resolved. After his North Dakota case was resolved, the United States Drug Enforcement Agency ("DEA") requested a federal detainer on Koon. Doc. 119-6. The date of the detainer request was January 25, 2022. On the detainer form, Koon checked the box to demand a speedy trial within 180 days under the Interstate Agreement on Detainers Act ("IADA"). Id.

When the initial motion to dismiss was denied, the record was unclear what happened to the detainer after it was signed. There was no evidence it was delivered to the Court, the DEA (as the requesting federal agency), or the United States Attorney's Office, as required and as stated on the detainer. Doc. 134 at 1-2. But now the record tells a different story—in this motion, Koon filed

documentation that shows the North Dakota Department of Corrections sent the detainer to the DEA via email. Doc. 148-1; Doc. 148-4. Given this new evidence, Koon moves for reconsideration of the order denying his motion to dismiss.

## II.    LAW AND ANALYSIS

A motion for reconsideration "serves the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence." Bradley Timberland Res. v. Bradley Lumber Co., 712 F.3d 401, 407 (8th Cir. 2013) (cleaned up). Such motions are not "a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." SPV-LS, LLC v. Transamerica Life Ins. Co., 912 F.3d 1106, 1111 (8th Cir. 2019) (quoting Julianello v. K-V Pharm. Co., 791 F.3d 915, 923 (8th Cir. 2015)). Nor may a motion for reconsideration attempt "simple reargument on the merits." Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999).  The evidence of delivery of the detainer by North Dakota to the DEA is newly discovered evidence, and reconsideration is appropriate.

Article III(a) of the IADA allows a prisoner to demand a speedy trial within 180 days. See 18 U.S.C. § 2, art. III(a). Dismissal is the remedy if the United States does not bring the prisoner to trial within 180 days after receiving proper notice of the demand. See e.g., United States v. Ward, 135 F. App'x 885, 886 (8th Cir. 2005). The operative question now is whether delivery of the detainer (which included the speedy trial demand) to the DEA triggers the 180-day period.

The United States relies on Fex v. Michigan, 507 U.S. 43 (1993). In Fex, the United States Supreme Court held "the 180-day time period in Article III(a) of the IAD does not commence until the prisoner's request for final disposition of the charges against him has actually been delivered to the court and prosecuting officer of the jurisdiction that lodged the detainer against him." 507

U.S. at 52. If read in a vacuum, this seems to foreclose dismissal because no one disputes that the detainer was not delivered to the Court or United States Attorney's Office.

But facts and context matter, and the facts underlying Fex are quite different from the facts of this case. In Fex, the defendant was in Indiana custody when Michigan requested a detainer. Id. at 46. On September 7, 1988, Indiana authorities informed the defendant of the detainer, and he gave them his speedy trial demand. Id. On September 22, Indiana authorities mailed the demand to Michigan, and on September 26, 1988, the prosecuting attorney and the court received it. Id. Trial on the Michigan charges began on March 22, 1989—or 177 days after his speedy trial demand was delivered to the Michigan officials, and 196 days after he gave the demand to the Indiana authorities. Id. If the clock began when the defendant gave his demand to Indiana authorities, then dismissal was necessary. But if the clock began when the Michigan officials received the demand, then his trial properly began within 180 days. So, the Supreme Court held that the 180-day clock did not start until the prosecuting attorney and the court received the detainer. Id. at 52. Of primary concern to the Supreme Court was avoiding an outcome where the prosecuting state was punished as a result of the other state's failure to forward the paperwork in a timely manner. Id. at 49-51.

The underlying rationale and concern of the Supreme Court in Fex is key:

> Indications in the text of Article III confirm, in our view, <u>that the receiving State's receipt of the request starts the clock.</u> The most significant is the provision of Article III(b) requiring the warden to forward the prisoner's request and accompanying documents by registered or certified mail, return receipt requested. <u>The IAD thus provides for documentary evidence of the date on which the request is delivered to the officials of the receiving State</u>, but requires no record of the date on which it is transmitted to the warden (assuming that is to be considered the act of "causing").

Id. at 43 (cleaned up and emphasis added). Here, the receiving "State" is the federal government, and the DEA is part of the federal government. The North Dakota Department of Corrections

3

"caused" the detainer and speedy trial demand "to be delivered" to the requesting federal agency—the DEA. And it is apparent from the record that there was some notification to the United States Attorney's Office of the federal detainer because the United States filed for a writ of habeas corpus ad prosequendum on January 27, 2022 (Doc. 13), just two days after the detainer was signed. This is factually distinguishable from Fex because the prosecuting state (here, the United States) received the detainer and speedy trial demand from North Dakota.

United States v. Daily, 488 F.3d 796 (8th Cir. 2007), is similarly distinguishable. In Daily, the state prisoner was facing federal charges and gave written notice to prison officials of his speedy trial demand, but state officials failed to forward the demand to the United States. 488 F.3d at 801. Again though, Daily is factually analogous to Fex, and because the demand was not delivered to the United States, dismissal was not appropriate. Id. But Daily, like Fex, does not consider a situation where the detainer was delivered to the receiving "State."

Fex and Daily were controlling authority when there was no evidence that the prosecuting authority received the IADA detainer and speedy trial demand. Koon's new evidence that the DEA did receive the detainer changes that analysis. There is also a concern that strictly applying Fex and Daily to this case, without careful consideration of the factual differences, would perversely incentive prosecuting federal agencies (like the DEA) to lose or fail to forward detainers as required. That result harms defendants, who demand speedy trials timely and appropriately, to the benefit of the United States as to prosecuting authority, even though it received the demand. That outcome is contrary to the rationale and concern expressed in Fex. On the specific facts of this case and given the new evidence of the United States received the IADA detainer and demand, reconsideration is appropriate, and Koon's motion is granted.

The next question then is whether dismissal is with or without prejudice. Under the IADA, a prisoner against whom a detainer has been lodged "shall be brought to trial within one hundred and eighty [180] days after" the prisoner has given proper notice of his request for a speedy trial. 18 U.S.C. 2 § 2. Dismissal of an indictment may be with or without prejudice when the United States is the receiving state. 18 U.S.C. 2 §§ 9(1)-(2). Three factors are generally used to make that decision: (1) the seriousness of the offense; (2) the facts and circumstances leading to the dismissal; and (3) the impact of re-prosecution. United States v. McKinney, 395 F.3d 837, 840 (8th Cir. 2005).

In considering the seriousness of the offense, the Eighth Circuit Court of Appeals looks to the nature of the conduct charged and the potential maximum sentence. McKinney, 395 F.3d at 841. The conduct charged here is a large-scale drug conspiracy that resulted in serious bodily injury and distribution of fentanyl that resulted in serious bodily injury. Doc. 8. The conspiracy carries a potential maximum sentence of 20 years. On these facts, this factor favors dismissal without prejudice.

In considering the facts and circumstances leading to dismissal, courts examine whether there has been bad faith or a pattern of negligence from the Unites States. Id. There is no evidence of bad faith or negligence. So, this factor also favors dismissal without prejudice.

Finally, as to the impact of re-prosecution, the focus is on whether the prosecution had an improper motive and whether the defendant suffered prejudice. Id. at 841-42. There is no evidence of an improper motive from the United States. As to prejudice, aside from his failure to receive a speedy trial, Koon was already incarcerated because of his North Dakota state sentence. So, as previously noted, any prejudice to Koon has been minimal. Doc. 134 at 6. This also favors

dismissal without prejudice. On balance, all three factors weigh in favor of a dismissal without prejudice.

### III. CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. Koon's motion for reconsideration (Doc. 148) is **GRANTED**, his motion to dismiss is **GRANTED**, and the indictment as to Koon is **DISMISSED** without prejudice.

**IT IS SO ORDERED**.

Dated this 4th day of June, 2024.

                                          */s/ Peter D. Welte*
                                          Peter D. Welte, Chief Judge
                                          United States District Court